

# NUMBER 13-22-00419-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JULIAN SILVAS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Longoria

Appellant Julian Silvas attempts to appeal a conviction for stalking. *See* TEX. PENAL CODE ANN. § 42.072(b). On February 4, 2022, the trial court placed appellant on community supervision, and on April 7, 2022, the trial court revoked appellant's community supervision. Appellant filed a pro se notice of appeal on September 14, 2022. On September 15, 2022, the Clerk of this Court notified appellant that it appeared that the

appeal had not been not timely perfected and advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. *See* TEX. R. APP. P. 37.1. In response, appellant's appointed counsel filed an unopposed motion for extension of time to attempt to correct this defect until October 10, 2022. This Court granted appellant's motion for extension of time. Appellant's counsel has now filed a pleading in which counsel concedes that the notice of appeal was not timely filed.[1]

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). In a criminal case, the defendant must file a notice of appeal within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. *See id.* R. 26.2(a)(1). If the defendant timely files a motion for new trial, the notice of appeal must be filed within ninety days after the day sentence is imposed or

---

[1] Appellant's appointed counsel provided the Court with a pleading titled as an "*Anders*" brief which addressed the timeliness of the appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 404, 406 (Tex. Crim. App. 2008) (orig. proceeding). Appellant's appointed counsel has also filed a motion to withdraw as counsel for appellant. As an *Anders* brief, counsel's pleading was defective in several respects; however, we need not address this issue further given our conclusion regarding the untimeliness of the notice of appeal. Given our conclusion here, we dismiss the motion to withdraw as moot.

suspended in open court. *See id.* R. 26.2(a)(2). The defendant may obtain an extension of time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the defendant files the notice of appeal in the trial court and files a motion complying with the Texas Rules of Appellate Procedure in the appellate court. *See id.* R. 26.3; *see also id*. R. 10.5. Thus, a late notice of appeal may be considered timely if: (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See Olivo*, 918 S.W.3d at 522.

Here, the trial court revoked appellant's community supervision on April 7, 2022. Appellant did not file a motion for new trial, and thus the notice of appeal was due within thirty days after the day sentence was imposed, or by May 9, 2022. *See* TEX. R. APP. P. 26.2(a)(1); *see also id*. R. 4.1(a) (extending periods of time that fall on a Saturday, Sunday, or legal holiday). However, appellant's notice of appeal was not filed until September 14, 2022.

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that the notice of appeal was not timely filed, and we thus lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d 208; *Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 242–43 (Tex. Crim. App. 1991)

3

(orig. proceeding) (explaining that out-of-time appeals are governed by post-conviction writs of habeas corpus). We dismiss this appeal for lack of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2 (b).

Delivered and filed on the
27th day of October, 2022.

4